## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| ROBERT C. McBRIDE, WILLIAM GUNNELS, ZOE GUNNELS, and MARY WARD, individually and in a representative capacity on behalf of a class of all persons similarly situated, and BARBARA McBRIDE, individually, | ) ) ) ) ) ) | Civil Action No. 4:00-cv-217-3-CDL |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LIFE INSURANCE COMPANY OF VIRGINIA, d/b/a GE LIFE AND ANNUITY INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

### STIPULATED PROTECTIVE ORDER

**THE COURT ALERTS THE PARTIES THAT IT HAS ADDED A FINAL PARAGRAPH TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE STIPULATED ORDER SUBMITTED TO THE COURT.  CDL**

## 1.     PURPOSE AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties—TVPX ARS, Inc. ("TVPX") and Genworth Life and Annuity Insurance Company ("Genworth")—hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order" or "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

**2.      SCOPE OF THE PROTECTIVE ORDER**

This Protective Order shall govern the use of Confidential Information produced during discovery in this Action. The Court shall determine how Confidential Information is to be treated at trial. All references to "Party," "Parties" or "Designating Party" throughout this Order are intended to include non-parties to this Action.  This Protective Order shall also apply to any future party to the Action.

For purposes of this Order, the Party designating information, documents, materials or items as "Confidential," or asserting that testimony is "Confidential" (the "Designating Party") bears the burden of establishing the confidentiality of all such information, documents, materials or items.

**3.      DEFINITION OF "CONFIDENTIAL INFORMATION"**

For purposes of this Order, "Confidential Information" shall mean the following types of documents, testimony, and information:

(i)      information that constitutes a trade secret;

(ii)      technical, commercial, financial, or business information previously not disclosed to the public, including, without limitation, non-public actuarial projections, analyses or studies;

(iii)      communications with regulators, Departments of Insurance or other governmental bodies previously not disclosed to the public that are intended to be kept confidential and/or are protected from disclosure by statute or regulation;

(iv)      information, materials, and/or other documents previously not disclosed to the public that reflect non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in prejudice or harm to the disclosing party;

(v)      personally identifiable information, protected health information, or HIPAA-protected information of Genworth policyholders; and

(vi)     any other category of information hereinafter given confidential status by the

Court.

Any copies or reproductions, excerpts, summaries or other documents or media that contain or incorporate Confidential Information as defined above shall also be treated as Confidential Information pursuant to this Order.

Nothing in this protective order shall be construed as requiring Genworth to produce any personal or individually identifiable information, nor any other policyholder information that is protected from disclosure under applicable state or federal law, and nothing in this protective order shall be construed as waiving or limiting any rights of TVPX to request or obtain production of any such information.

## 4.    MARKING DOCUMENTS "CONFIDENTIAL"

The Designating Party shall designate Confidential Information by stamping copies of any document or discovery response produced to a Party with the legend "CONFIDENTIAL." Any such stamp or designation shall not in any manner cover up, overlap upon, obscure or otherwise conceal any text, picture, drawing, graph or other communication or depiction in the document. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear. Where it is not reasonably practicable to mark a document "CONFIDENTIAL," such as when a spreadsheet is produced only in its native electronic format, then the disk, cover letter, or the production slip sheet accompanying the document shall clearly indicate the "CONFIDENTIAL" designation.

## 5.    DESIGNATING DEPOSITIONS "CONFIDENTIAL"

With respect to any deposition, confidential treatment may be invoked by designating

specific testimony as "Confidential" on the record at the deposition, or by serving such designations within thirty calendar days after receipt of the final transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as Confidential Information for thirty calendar days following receipt of the final transcript, unless the Parties otherwise agree.

6.   **DESIGNATIONS TO BE MADE IN GOOD FAITH**

The Parties agree to limit their designation of Confidential Information solely to information that they, in good faith, believe qualifies for such designation under this Order. No Party receiving Confidential Information shall be under any obligation to object to the designation of any document at the time such designation is made or at any time thereafter. No Party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

7.   **USE OF "CONFIDENTIAL" MATERIAL**

Material designated by a Party or non-party or their counsel as Confidential Information under this Order shall be used by persons receiving it only for the purposes of the litigation or settlement of this Action.

8.   **INADVERTENT PRODUCTION OF CONFIDENTIAL MATERIAL: NO WAIVER**

If a Party realizes that previously undesignated documents or other material should be designated as Confidential Information, the Party may so designate by advising all other Parties in writing. The designated documents or material will thereafter be treated as Confidential Information pursuant to this Order. Upon receipt of such designation in writing, the Parties and other persons subject to this Order shall take reasonable and appropriate action to notify all recipients of the discovery material about the protected status of the newly designated

Confidential Information and to retrieve the newly designated Confidential Information from any person who is not permitted by this Order to have Confidential Information.

9.      **"QUALIFIED PERSONS"**

Confidential Information may be disclosed only to the following "Qualified Persons":

a.      the Court and court personnel, including attorneys, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers and all other personnel necessary to assist the Court in its function, and the jury;

b.      the Parties and counsel of record for the Parties, including all partners, counsel, and associate attorneys of such counsel's law firms who are assisting in this action, as well as any other counsel and support personnel of such counsel who may be assisting counsel of record for the Parties in the action, and all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such partners or associate attorneys;

c.      litigation support services, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic discovery or trial preparation, retained by a Party or its counsel;

d.      consulting or testifying experts, including associated personnel necessary to assist experts in the action;

e.      any person who created or authored such Confidential Information and any persons to which the Confidential Information has been previously disclosed;

f.      auditors and insurers of the Parties;

g.      any mediators or arbitrators, including their necessary staff, engaged by the Parties for settlement purposes in the Action;

h.      any deposition and trial witnesses; and

i.      any other person pursuant to a written agreement among the Parties or by order of the Court in this Action.

## 10.     EXECUTING THE NON-DISCLOSURE AGREEMENT

Each person to whom Confidential Information is disclosed, except the persons identified in 8(a), (b), (c), (e), and (g) above, shall execute a non-disclosure agreement in the form annexed hereto as Exhibit A before receiving Confidential Information. Copies of the executed Exhibit A shall be retained by any party disclosing Confidential Information to such person, and counsel for any Party to the Action that receives Confidential Information from a Designating Party shall obtain and retain a copy of all such executed agreements pertaining to any such persons who obtain Confidential Information directly or indirectly from such Party to the Action. Counsel for the receiving party shall be responsible for ensuring compliance by all persons to whom it provides Confidential Information directly or indirectly with the non-disclosure agreement. Counsel shall supply a copy of the executed non-disclosure agreement to other counsel upon request; provided, however that with respect to experts and consultants, counsel for the party shall not be required to supply a copy of the nondisclosure agreement to counsel for the other party unless and until that expert is disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure.

If counsel is unable to obtain an executed confidentiality agreement in the form of Exhibit A from any deposition witness, counsel shall immediately and prior to the deposition notify counsel for the other party and such party may seek relief from the Court regarding the

terms and conditions under which Confidential Information may be disclosed to the witness in the deposition. Alternatively, counsel for the parties may agree that Confidential Information is adequately protected by such person's existing obligations to maintain the confidentiality of such information. Nothing herein, however, shall prevent any counsel from utilizing Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Confidential Information, irrespective of which party produced such information. Further, no executed confidential agreement in the form of Exhibit A shall be required to show a current officer or employee of a party any Confidential Information that was disclosed by that party, provided that the Confidential Information is reasonably necessary and relevant to eliciting the testimony of the officer or employee.

## 11.   CHALLENGING "CONFIDENTIAL" DESIGNATIONS

Documents and information designated as "Confidential" shall be treated as "Confidential Information" unless and until a challenge to the propriety of the designation is made pursuant to this paragraph or the Designating Party withdraws the designation. A Party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time of disclosure, and a failure to do so shall not preclude a subsequent challenge. If any Party disagrees at any stage of these proceedings with the designation of any information as "Confidential," or the designation of any person as a Qualified Person, the Party or other person shall give written notice to the Designating Party. The Parties and any other objecting person(s) shall meet and confer in good faith to attempt to resolve the dispute without Court intervention. If the objecting Party or person and the Designating Party cannot resolve their dispute through meet and confer discussions, the Designating Party, within fourteen calendar days after the parties' meet and confer conference at which an impasse is declared, must file a motion with the Court to continue the designation of the material as Confidential Information. The Designating

Party has the burden of establishing that the document is entitled to protection. Provided that the Designating Party applies to the Court within the time period set forth above, any material so designated shall remain Confidential Information subject to all of the restrictions on its disclosure and use set forth in this Order until the Court determines otherwise.

## 12.     PRODUCTION OF PRIVILEGED OR OTHER PROTECTED INFORMATION

Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26, the production or disclosure in connection with pending litigation of any document covered by the attorney-client privilege or work-product protection shall not constitute a waiver of such privilege or protection in this litigation or in any other federal or state proceeding. Instead, the disclosing party shall be entitled to assert such privilege or protection.

Upon receipt of written notice from the disclosing party that a document covered by the attorney-client privilege or work-product protection has been produced, the receiving Party shall promptly (a) return or sequester the document and all copies of the document in its possession; (b) delete or sequester any electronic versions of the document from any data source or any database it maintains; (c) retrieve all electronic and paper copies provided to any third parties, including experts; (d) destroy or sequester any notes that reveal the substance of the protected document; and (e) make no use of the document except as allowed under Federal Rule of Civil Procedure 26. If the receiving Party elects to sequester the document/information, it may not, pending resolution of any dispute of the validity of the privilege claim, use or disclose the information for any purpose other than, pursuant to Rule 26(b)(5)(B), "present[ing] the information [or document] to the court under seal for a determination of the [privilege] claim."

If the Parties do not agree that the document is entitled to protection, the receiving Party may contest the privilege or work product designation by the disclosing party, and shall have the right to apply for an order that the document is not protected from disclosure by any privilege,

law, or doctrine. The party to whom any document covered by the attorney-client privilege or work-product protection was returned shall retain the returned materials until the end of the litigation.

Any Party or individual having received information that it knows to be privileged or protected shall not wait for notice from the producing Party and is expected to notify the other Party of the receipt of the privileged or protected information and shall return, destroy, or sequester the privileged or protected document as soon as it knows that the document is privileged and/or protected. Any disclosure of privileged information shall not operate as a waiver in any other federal or state proceeding, and the Parties' agreement regarding the effect of disclosure of privileged information shall be binding on non-parties. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to review documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

## 13.    UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION

If a Party has received Confidential Information and learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request the person or persons to execute the "Non-Disclosure Agreement" attached as Attachment A.

14.   **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order apply to information produced by a non-party to this action and designated as "CONFIDENTIAL." Such information produced by non-parties in this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

15.   **SUBPOENA FOR CONFIDENTIAL INFORMATION**

If any Party has obtained Confidential Information under the terms of this Order and receives a request to produce Confidential Information by subpoena or other compulsory process commanding its production, the Party shall promptly notify the producing Party, including in the notice the date set for the production of the subpoenaed information and, unless prohibited by law, enclosing a copy of the subpoena (or other form of process), and shall object to the process or subpoena and not produce or disclose the Confidential Information unless compelled by Court Order or the producing party fails to object to the process or subpoena within 14 calendar  days of receiving notice.

16.   **FILING CONFIDENTIAL INFORMATION**

In the event that any Party desires to file any Confidential Information, or any document quoting Confidential Information, that Party's filing shall be accompanied by a Motion to Seal in accordance with the requirements set out in the CM/ECF Administrative Procedures for the United States District Court for the Middle District of Georgia, and if the filing is a motion, noticed for hearing on the same day as the motion. Each Designating Party shall thereafter provide, to the fullest extent possible, redacted versions of its protected material acceptable to it for public filing. The Court shall then determine in accordance with the CM/ECF Administrative Procedures, Local Rule 5.4 and governing case law, what, if any, portions of the filing shall

remain under seal. Nothing in this provision shall prevent or limit a Party's ability to object to the sealing of any Confidential Information or filing an opposition to a Motion to Seal.

17.     **NO LIMITATION ON USE OF OWN INFORMATION**

Nothing in this Order shall restrict the use or disclosure by a Party of its own information or of information that lawfully came into the possession of the Party independent of any disclosure of information in this litigation.

18.     **USE OF CONFIDENTIAL INFORMATION AT TRIAL**

If any Party intends to use Confidential Information at a hearing in this matter that is open to the public, that Party shall meet and confer with all other affected Parties or non-parties before the hearing to establish reasonable procedures that would allow objections to disclosure to be made and ruled upon before the Confidential Information is used. The parties may make recommendations to the Court regarding the handling of confidential materials in a hearing but the presiding judge shall determine how those materials will be handled during a hearing.

19.     **ORDER SURVIVES LITIGATION**

This Order shall be binding throughout and after final adjudication of this Action, including final adjudication of any appeals and petitions for extraordinary writs. Nothing in this Order shall be construed to contradict any provision of law.

20.     **FINAL TERMINATION**

Within sixty calendar days after entry of an order, judgment, or decree finally disposing of this Action, including any appeals, counsel for each Party shall return all Confidential Information to the Party that produced the information, including any copies, excerpts and summaries, and including any copies provided directly or indirectly to others, or may destroy the Confidential Information; and shall purge all such information from all machine-readable media on which it resides. In the event any Party chooses to destroy physical objects and documents, it

shall certify in writing within sixty calendar days of the final termination of this litigation that it

has undertaken its best efforts to do so.

Notwithstanding the foregoing, counsel for each Party may retain archival copies of all

pleadings, briefs, memoranda, discovery responses, deposition transcripts, deposition exhibits,

expert reports, motions, and other documents that refer to or incorporate Confidential

Information, and will continue to be bound by this Order with respect to all such retained

information. Further, work-product materials that contain Confidential Information need not be

given to the producing Party nor destroyed, but, if they are not destroyed, the person in

possession of the work product will continue to be bound by this Order with respect to all such

retained information. This paragraph shall not apply to documents filed under seal in the Court's

electronic records.

## 21.    MODIFYING THIS ORDER

Nothing in this Order shall be construed to prohibit the Parties from agreeing to modify

any provision of this Order or seeking relief from the Court. Nor shall anything in this Order or

any Party's compliance with it be construed as a waiver of any Party's rights under applicable

law or waiver of any privilege recognized by law, nor shall it be deemed an admission as to the

admissibility of any facts or documents.


**ADDED BY THE COURT**: The Court finds that good cause exists for the entry of this

order with the following condition.   Notwithstanding anything to the contrary in the foregoing

order, the Court finds that it shall not apply to exclude evidence from public disclosure when that

evidence is relied upon in support of or opposition to any motion or relevant in any hearing or

trial.  If a party seeks to rely upon any evidence covered by this protective order in support of or

in opposition to any motion or during any hearing or trial, that party shall notify the opposing

party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial.  The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion.  The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record.  Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery protective order.

Date: September 2, 2020

*/s/ Nicholas N. Spear*
Robert Ashe III (Bar No. 208077)
Michael Terry (Bar No. 702582)
BONDURANT MIXSON
& ELMORE LLP
One Atlantic Center
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA 30309
ashe@bmelaw.com
terry@bmelaw.com

Steven G. Sklaver (*pro hac vice*)
Nicholas N. Spear (*pro hac vice*)
Glenn C. Bridgman (*pro hac vice*)
Oleg Elkhunovich (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067-6029
Tel:  (310)789-3100
Fax: (310)789-3150
ssklaver@susmangodfrey.com
nspear@susmangodfrey.com
gbridgman@susmangodfrey.com
oelkhunovich@susmangodfrey.com

Seth Ard (*pro hac vice*)
Ryan Kirkpatrick (*pro hac vice*)
SUSMAN GODFREY L.L.P.

1301 Avenue of the Americas, 32nd
Fl
New York, NY  10019
Tel:  (212)336-8330
Fax:  (212)336-8340
sard@susmangodfrey.com
rkirkpatrick@susmangodfrey.com


Date: September 2, 2020                              */s/ Eric S. Mattson*_____
                                                     H. Jerome Strickland (Bar No.
                                                     687700)
                                                     Robert C. Norman, Jr. (Bar No.
                                                     545825)
                                                     JONES CORK, LLP
                                                     P.O. Box 6437 Macon, GA 31201
                                                     Phone: (478) 745-2821
                                                     jerome.strickland@jonescork.com
                                                     bob.norman@jonescork.com

                                                     Joel S. Feldman (*pro hac vice*)
                                                     Eric S. Mattson (*pro hac vice*)
                                                     Joseph R. Dosch (*pro hace vice*)
                                                     Mengjie Zou (*pro hac vice*)
                                                     SIDLEY AUSTIN LLP
                                                     One South Dearborn
                                                     Chicago, Illinois 60603
                                                     Phone: (312) 853-7000
                                                     jfeldman@sidley.com
                                                     emattson@sidley.com
                                                     jdosch@sidley.com
                                                     mzou@sidley.com

                                                     *Counsel for Genworth Life and
                                                     Annuity Insurance Company*

**IT IS SO ORDERED.**

Dated this 3rd day of September, 2020

s/Clay D. Land
The Honorable Clay D. Land

**EXHIBIT A**

**CONFIDENTIAL NON-DISCLOSURE AGREEMENT**

Case Name:       *Robert McBride, et al.* v. *Life Insurance Company of Virginia, d/b/a GE Life and Annuity Insurance Company*

Case Number:     U.S. District Court, Middle District of Georgia
                 Case No. 4:00-cv-217-3-CDL

1.  I, _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court, Middle District of Georgia, on _____ in this matter. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to comply could expose me to sanctions. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

2.  As set forth in the Order, I shall use information that has been designated as confidential solely for the purpose of this litigation, and for no other purpose and no other case. I shall not disclose confidential information except as permitted in the Order.

3.  I hereby submit to the jurisdiction of the United States District Court for the Middle District of Georgia with respect to the matters described in this Agreement.

    DATED: _____

    _____
    Signature

    _____
    Print Name