```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

TVPX ARS, INC.,                  *

    Plaintiff,                  *

vs.                              *

                                      CASE NO. 4:00-CV-217 (CDL)

GENWORTH LIFE AND ANNUITY        *
INSURANCE COMPANY,
                                 *
    Defendant.
                                 *

## O R D E R

The parties are presently engaging in limited discovery on whether Genworth Life and Annuity Insurance Company has changed how it calculates and charges cost of insurance charges since the *McBride* settlement in 2004. TVPX ARS, Inc. issued a subpoena to the *McBride* claims administrator, Epiq Global, for a deposition regarding the *McBride* settlement. TVPX represents that it only wants a limited deposition on how many policyholders received disbursements as part of the *McBride* settlement and the value of those disbursements. Genworth filed a motion to quash the subpoena (ECF No. 308), which is granted.

The Court is satisfied that Genworth has standing to bring the motion to quash, and to the extent that it does not, this Court certainly has jurisdiction to oversee discovery in this action and to assure that it does not exceed the bounds of the applicable rules. The Court finds that the discovery TVPX seeks

has very limited probative value in light of the question the Court must decide: whether the claims TVPX presently seeks to pursue were settled and released.  To answer that question, the Court must determine if Genworth changed how it calculates and charges COI since the *McBride* settlement or if the present allegations are merely a continuation of the conduct Genworth was engaging in at the time of the *McBride* settlement.  The Court is not convinced that the number of settlement participants is particularly probative of whether Genworth's business practices have changed.  The numbers, standing alone, do not prove anything; there are many reasons why participation might have been low.  Moreover, allowing the depositions will likely open the proverbial can of worms, leading to a need to examine more closely why certain class members did or did not participate.  Given the limited probative value of such evidence, permitting such discovery unnecessarily has the potential to create a serious proportionality issue.  Genworth's motion to quash the subpoena to Epiq is granted.

    IT IS SO ORDERED, this 25th day of February, 2021.

                                        S/Clay D. Land
                                        CLAY D. LAND
                                        U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA